

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 5, 1962

Honorable Jesse James
State Treasurer
State Treasurer's Office
Austin, Texas

Opinion No. WW-1264

Re: Whether Section 4 of Article
3272a, V.C.S., and the certi-
fication of the State Treas-
urer to the Attorney General
would prohibit a holder of
property subject to the pro-
visions of said Article,
from making restoration of
such property to its reported
owner at any time subsequent
to the 120 day interval from
the date the report was re-
ceived by the State Treasurer
and the date the suit referred
to in Section 4 is finally
adjudicated.

Dear Mr. James:

Your question is whether Section 4 of Article 3272a,
Vernon's Civil Statutes, prohibits a holder of property subject
to the provisions of that statute from restoring such property
to its reported owner between the expiration of 120 days from
the date the report was received by the State Treasurer and the
date the suit referred to in Section 4 is finally adjudicated.

Apropos of your inquiry we quote the relevant parts
of subsections (a), (b) and (g) of Section 4 of Article 3272a:

"(a) All personal property reported under the
provisions of this Article remaining unclaimed at
the expiration of one hundred and twenty (120) days
from the date upon which the report by the holder
of such property was received by the State Treasurer,
shall be deemed to be abandoned, and shall escheat
to, and the title thereto vest in, the State of Texas,
and the State Treasurer shall so certify to the At-
torney General.

"(b) The Attorney General shall immediately
institute an action in a District Court of the
county in which the holder resided or is domiciled
to judicially determine that such property has es-
cheated to the State. The suit shall be brought

as a class action, and may include the property reported by more than one holder from the same or other counties, and the sworn petition shall state that the action is brought by the State of Texas upon the relation of the State Treasurer by the Attorney General for the purpose of escheating and vesting the title in the State of Texas of the property therein described, stating the description of the property which has escheated to the State, the name of the person or holder possessed thereof and the names of the person or persons claiming, or last known to have claimed, such property, if any such names are known, all of which information shall be separately listed in parallel columns, and the facts and circumstances in consequence of which such property is claimed to have escheated, praying that such property be escheated, and the title thereto vested in the State of Texas. The petition shall not be subject to objections as to the misjoinder of parties or misjoinder of causes of action.

"(g) If it appears to the Court that the property described in the petition has been actually abandoned, and that there is no person entitled to it, judgment shall be rendered declaring such property escheated and vesting the title thereto in the State of Texas. The Judgment shall also direct the holder of the property so described, which has been actually abandoned and escheated and the title thereto vested in the State, to deliver such property immediately to the State Treasurer. If no person or claimant to any property described in the petition shall appear and answer within the time provided for entering such appearance and answer by the Texas Rules of Civil Procedure, the Court shall render judgment by default as to such property in favor of the State of Texas. If the Court should find that such property has not been actually abandoned and therefore should not be escheated and the title thereto vested in the State of Texas, and that the title to such property should vest in the person or persons claiming the title to or an interest in such property, the Court shall direct such property to be delivered to the person or persons lawfully entitled to possession thereof." (Emphasis supplied)

From the foregoing, it is seen that at the expiration of the 120 day period the property is automatically deemed to be abandoned. While the statute says that it "shall escheat to,

and the title thereto vest in, the State of Texas", it is obvious that the property does not actually become the property of the State unless and until a final adjudication to that effect is made by the Courts. This evident from Section 4(g) quoted above.

It is equally clear that the judgment of the Court would relate back to the expiration of the 120 day period when the property was first deemed abandoned and escheated. Therefore, after the expiration of the 120 day period the holder who released the property to anyone without the concurrence of the proper authorities runs the risk of being held accountable to the State for the value of such property by virtue of a subsequent judgment declaring the property to have been the property of the State at the time the holder released the property.

It follows that after the expiration of the 120 day period, the holder serves in the capacity of custodian of the property pending a determination as to the ownership of the property by the proper authorities. That is to say, the holder does not have it within his power to decide whether the reported owner, or anyone else, is the rightful owner of the property. This determination must be made by the State Treasurer, on whose relation the suit is brought, and the Attorney General, whose duty it is to prosecute a suit to escheat the property, unless he is convinced that the rightful owner has appeared to claim the property, and, the Court, if the Attorney General proceeds to place the matter before the Court.

Thus, by necessary implication, the holder is prohibited from turning the property over to the "reported owner" unless it is pursuant to the advice and consent of the State Treasurer and the Attorney General, whose duty it will be to ask the consent of the Court where such consent is necessary. Your question is answered accordingly.

## S U M M A R Y

Under Article 3272a, Vernon's Civil Statutes, the holder is prohibited from releasing property to its reported owner after the expiration of 120 days from the date the report was received by the State Treasurer, unless such release is made pursuant to the advice and consent of the State Treasurer and the Attorney General of Texas.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Henry G. Braswell
Assistant

Honorable Jesse James, page 4 (WW-1264)

APPROVED:

OPINION COMMITTEE

Howard W. Mays, Chairman
Milton Richardson
Iola B. Wilcox
James Broadhurst

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.